IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL DALTON and PAUL DALTON, h/w, | **COMPLAINT** |
| Plaintiffs, | **(JURY TRIAL DEMANDED)** |
| vs. | Civil Action No.: |
| THE LITTLE LION and CPJD HOLDINGS, LLC, | |
| Defendants. | |

Plaintiffs, Carol Dalton and Paul Dalton, h/w, residing at 771A Spirea Plaza, Township of Monroe, County of Middlesex, State of New Jersey, by way of Complaint against the Defendants, say:

### Nature of This Action

1. This is a slip and fall negligence action filed by the Plaintiffs, Carol Dalton and Paul Dalton, h/w.

2. It is upon information and belief that the defendants, The Little Lion and/or CPJD Holdings LLC, were and are a Pennsylvania corporation with a principal place of business located at 241 Chestnut Street, Philadelphia, Pennsylvania which they owned, leased, rented, operated, supervised, maintained,

controlled, managed, secured, repaired, cleaned and/or cared for in Philadelphia, Pennsylvania.

## Jurisdiction

This case is brought under 28 U.S.C. § 1332, Diversity of Citizenship, wherein the amount in controversy exceeds $75,000.

## Venue

**28 U.S.C. § 1391**

1. Plaintiffs reside at 771A Spirea Plaza, Monroe, New Jersey 08831.

2. A substantial part of the events or omissions giving rise to the within claim occurred or took place in this district.

3. At least one of the defendants is subject to this court's personal jurisdiction.

4. Therefore, pursuant to 28 U.S.C. § 1391 venue lies in the District of New Jersey.

## The Loss

1. On July 6, 2017, the Plaintiff, Carol Dalton, was a guest/patron at The Little Lion and/or CPJD Holdings LLC's premise located at 241 Chestnut Street, Philadelphia, Pennsylvania.

2. On July 6, 2017, the Plaintiff, Carol Dalton, was caused to slip resulting in significant injury including right tibial plateau fracture, right proximal humerus fracture, ORIF

right proximal humerus fracture, income loss, essential service loss, and pain and suffering.

3.  Upon information and belief, the personal injury that was sustained by the Plaintiff, Carol Dalton, on July 6, 2017 was a result of the wet/slippery condition on defendant's premise.

### CAUSE OF ACTION

### Negligence

1.  Plaintiff repeats and re-alleges the allegations contained above.

2.  The occurrence referred to in paragraphs "1", "2", and "3" of The Loss mentioned herein and the consequent damage/injury to the Plaintiff was proximately caused by the negligence, negligence per se, gross negligence, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a)  failing to adequately maintain its premise in a safe manner to avoid the increased risk of fall caused by wet/slippery substance on its premises;

(b)  failing to perform proper inspections as to detecting potential hazards on the subject premises;

(c)  failing to detect and adequately address the improper wet/slippery condition at the subject premises;

(d)  failing to properly maintain the premises in a manner that would avoid the wetness/slipperiness in the area causing an increased risk of fall throughout the premises;

(e)  failing to take due care to protect person's on its premises;

(f)  improperly causing plaintiff to suffer damages;

(g)  improperly failing to follow applicable industry codes and standards when maintaining, inspecting, and/or detecting said conditions at the subject premise;

(h)  failing to see a foreseeable risk and acting in a prudent manner in protecting the plaintiff from damage due to improper maintenance of wet/slippery conditions;

(i)  failing and omitting to do and perform those things necessary to avoid an unreasonable risk of harm to plaintiff and to render the premise safe and proper;

(j)  failing to warn the plaintiff about the substantial risk of a slip and fall;

(k)  failing to properly maintain the area in a safe manner as to prevent a high degree of risk of fall;

(l)  failing to recognize the obvious hazards presented by maintaining wet/slippery conditions on the premises;

(m)  failing to do those things which were necessary to safely preserve and protect the plaintiff;

(n) otherwise failing to use due care and proper skill under the circumstances;

(o) failing to hire competent servants, contractors, agents, employees and/or workmen to properly maintain/protect the premise from wet/slippery conditions to avoid a fall by the plaintiff at the subject premise; and

(p) failing to properly supervise, train, and/or instruct its employees or agents in the proper care of wet/slippery conditions.

**FIRST COUNT**

1. On or about July 6, 2017, the Plaintiff, Carol Dalton, was lawfully on the premises located at 241 Chestnut Street, in the City of Philadelphia, County of Philadelphia and State of Pennsylvania.

2. At all times referred to hereinafter and prior thereto, the Defendants, The Little Lion and CPJD Holdings LLC, whose mailing address is 241 Chestnut Street, in the City of Philadelphia, County of Philadelphia, and State of Pennsylvania, owned, leased, rented, operated, supervised, maintained, controlled, managed, secured, repaired, cleaned and/or cared for said premises, together with its interior/exterior sidewalk, curb area, ramps, interior hallways, ingress/egress, walkways, passageways and appurtenances thereto, in such a negligent,

careless, and reckless manner as to cause the Plaintiff, Carol Dalton, to be injured thereon.

3. As a direct and proximate result of the aforesaid negligence of the Defendants, The Little Lion and CPJD Holdings LLC, the Plaintiff, Carol Dalton, sustained diverse injuries, great pain and suffering, has incurred and will continue in the future to incur extensive medical expenses, permanent injuries, suffered physical and emotional injuries of both a temporary and permanent nature, suffered considerable pain and anguish, loss of wages, other special damages, as well as various consequential damages and otherwise incapacitated from attending her usual duties.

**WHEREFORE**, the Plaintiff, Carol Dalton, demands judgment against the Defendants, The Little Lion and CPJD Holdings LLC, for damages, together with interest and costs of this suit.

## SECOND COUNT

1. The Plaintiff, Carol Dalton, repeats the allegations contained in the First Count and makes same a part hereof as though more fully set forth at length herein.

2. At the time and place aforesaid, the Defendants, The Little Lion and CPJD Holdings LLC, through their agents, servants and/or employees, did so negligently and carelessly own, lease, rent, operate, control, maintain, manage, supervise,

clean, repair, inspect and care for the aforementioned premises, so as to create a nuisance.

3. As a direct and proximate result thereof, the Plaintiff, Carol Dalton, was caused to be injured.

**WHEREFORE**, the Plaintiff, Carol Dalton, demands judgment against the Defendants, The Little Lion and CPJD Holdings LLC, for damages, together with interest and costs of this suit.

### THIRD COUNT

1. The Plaintiff, Carol Dalton, repeats the allegations contained in the First and Second Counts of this Complaint and makes same a part hereof as though more fully set forth at length herein.

2. At the time and place aforesaid, Defendants, The Little Lion and CPJD Holdings LLC, did negligently create a hazard over which it had actual and/or constructive notice, which caused the Plaintiff to sustain severe and permanent injury.

3. As a direct and proximate consequence of the negligence of the defendants, The Little Lion and CPJD Holdings LLC, the Plaintiff, Carol Dalton, sustained severe physical, mental and permanent injury and other diverse damages.

**WHEREFORE**, the Plaintiff, Carol Dalton, demands judgment against the Defendants, The Little Lion and CPJD Holdings LLC, for damages, together with interest and costs of this suit.

## FOURTH COUNT

1. The Plaintiff, Carol Dalton, repeats the allegations contained in the First, Second and Third Counts and makes same a part hereof as though more fully set forth at length herein.

2. At all times referred to herein, the Defendants were insured under a liability insurance policy issued to the Defendants, The Little Lion and CPJD Holdings LLC.

3. As a result of the negligence of the aforesaid Defendants, the Plaintiff, Carol Dalton, has sustained medical expenses and will in the future continue to sustain medical expenses, which the named Defendants are liable for payment.

**WHEREFORE**, the Plaintiff, Carol Dalton, demands judgment against the Defendants, The Little Lion and CPJD Holdings LLC, for payment of medical expenses.

## FIFTH COUNT

1. The Plaintiff, Paul Dalton, repeats the allegations contained in the First, Second, Third and Fourth Counts of the Complaint and makes same a part hereof as though more fully set forth at length herein.

2. The Plaintiff, Paul Dalton, is the husband of Carol Dalton, the injured Plaintiff.

3. As a direct and proximate result of the aforesaid negligence of the Defendants, or either of them, the Plaintiff,

Paul Dalton, will be deprived of the consortium and services of the Plaintiff, Carol Dalton.

**WHEREFORE**, the Plaintiff, Paul Dalton, demands judgment against the Defendants, The Little Lion and CPJD Holdings LLC, either jointly, severally or in the alternative, for damages, together with interest and costs of this suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs demand a trial as to all issues herein.

**LAW OFFICE OF KARIM ARZADI**

*Karim Arzadi*
**KARIM ARZADI, ESQ.**
163 Market Street
Perth Amboy, New Jersey 08861
(732) 442-5900
Attorney for Plaintiffs

Dated: June 26, 2019

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: June 26, 2019

_____
**KARIM ARZADI, ESQ.**
Attorney for Plaintiffs

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | ❏ 362 Personal Injury - Medical Malpractice | | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | | | | | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.